UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CAROLYN CLEVELAND                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO. 4:08cv132-DPJ-LRA

LA-Z-BOY INCORPORATED                                               DEFENDANT

ORDER

This Title VII sex discrimination case is before the Court on Defendant's motion for

summary judgment [20].  Having fully considered the parties' submissions and applicable law,

the Court finds that Defendant's motion is well taken and should be granted.

I.      **Undisputed Facts and Procedure**

Plaintiff Carolyn F. Cleveland was hired by Defendant La-Z-Boy, Inc., as an Inspector on

September 23, 1988.  In 1992, she began a consensual sexual relationship with her supervisor

Eugene Chaney that lasted until 2003.  After the relationship ended, Defendant twice promoted

Plaintiff, including a final promotion in November 2004 to the Working Leader/Final Inspector

position.  In 2007, La-Z-Boy began to reorganize its production system and concluded the

process in July 2008.  In June 2008, Plaintiff was informed that her position had been eliminated

but that she could retain employment as an Inspector at the same pay level.  Plaintiff claims that

she was not physically capable of performing the Inspector position and elected to resign.  It is

undisputed in the record that over 140 employees were laid off between January 1, 2008 and

December 31, 2008.

Aggrieved, Ms. Cleveland initiated this sex discrimination action under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, asserting that Defendant discriminated against

her based on her sex by (1) failing to promote her at various times during her employment, and

(2) offering to demote her from Working Leader/Final Inspector to Inspector in 2008, which amounted to constructive discharge. Defendant has moved for summary judgment, and the motion is now ripe for consideration.

## II.    Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the employment context, "[i]t is more than well-settled that an employee's subjective belief that [s]he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face

of proof showing an adequate nondiscriminatory reason." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Finally, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

## III. Analysis

### A. Failure to Promote

Plaintiff's Complaint includes a vague allegation the Defendant failed to promote her to unspecified positions at unspecified times during her tenure at La-Z-Boy. Complaint ¶ 8. Although Defendant moved for summary judgment as to all promotion claims, Plaintiff's response essentially ignores the claims. She therefore fails to meet her burden of going beyond the pleadings and making "a sufficient showing to establish the existence" of the elements of her promotion claims. *Celotex*, 477 U.S. at 322. Even if the promotion claims have not been waived, they are nevertheless lacking.[1]

---

[1] The nonmovant is required to "submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause[s] of action." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The nonmovant must also "articulate the precise manner in which the submitted or identified evidence supports his or her claim." *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004). Here, Plaintiff has failed to address many of the issues raised in Defendant's motion. She has, however, attached the full transcripts of various depositions. Although the Court has endeavored to consider the record as a whole, to the extent it may have overlooked evidence Plaintiff failed to identify, it must be noted that the Court is "under no duty 'to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Fuentes v. Postmaster Gen. of USPS*, 282 F. App'x 296, 300 (5th Cir. 2008) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n. 7 (5th Cir.1992)); *see also Malacara*, 353 F.3d at 405 ("When evidence exists in the summary

1.    *1993 and 1994 Promotions*

Plaintiff testified that she twice bid for supervisor positions that were given to men. Defendant's record evidence establishes that these promotions occurred in 1993 and 1994.  Pl.'s Resp. [22], Ex. 2, Cleveland Dep. at 46-47; Def.'s Motion [20], Ex. B, Keith Aff. ¶ 7.  Plaintiff never pursued an EEOC claim as to either incident.

The Fifth Circuit "has long required plaintiffs to exhaust their administrative remedies before bringing suit under Title VII."  *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006).  The relevant administrative remedy in the Title VII context requires filing a charge of discrimination with the Equal Employment Opportunity Commission.  *Id.*  This charge must be filed "within one hundred and eighty days after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).  Summary judgment is appropriate when a plaintiff brings suit under Title VII based on events for which no EEOC charge was timely filed. *See Price*, 459 F.3d at 599-600 (affirming summary judgment for defendant where plaintiff failed to file a timely EEOC charge).  Plaintiff filed no such charges as to the 1993 and 1994 promotions, and these claims, to the extent they were ever part of this case, are due to be dismissed.[2]

---

judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").

[2]Plaintiff has not invoked the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. 111-2, 123 Stat. 5 ("Fair Pay Act"), which would not, in any event, resurrect these two promotion claims. *See Harris v. Auxilium Pharm., Inc.*, No. 4:07-cv-3938, 2009 WL 3157275, at *29-31 (S.D. Tex. Sept. 28, 2009) (holding that "failure to promote claims do not challenge a 'compensation decision' as contemplated by the [Fair Pay Act]").

2. *2008 Promotion*

Plaintiff also testified that she never received a promotion promised as recently as spring 2008. Even if true, and even if she had addressed the issue in her response, these allegations are not sufficient to support a claim of failure to promote. To make out a prima facie case of failure to promote, a plaintiff must show that "(1) [s]he belongs to a protected class; (2) [s]he applied for and was qualified for a position for which applicants were being sought; (3) [s]he was rejected; and (4) a person outside of h[er] protected class was hired for the position." *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411–12 (5th Cir. 2007) (citing *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680-81 (5th Cir. 2001)).

Again, Plaintiff offered no response, but the Court's review of her deposition testimony revealed that "[she] doesn't know if there was [an opening] or not, and that "[i]t had been several years" since she bid on the supervisor position. Pl.'s Resp. [22], Ex. 2, Cleveland Dep. at 44-49. The Court finds that Plaintiff has failed to meet her burden in response to the motion for summary judgment and that her deposition testimony offers nothing more than conclusory allegations, speculation, and unsubstantiated assertions that fail to establish the second, third, and fourth prongs of a prima facie case. *See TIG Ins. Co.*, 276 F.3d at 759. Defendant's motion as to the failure to promote claims is granted.

B. Constructive Discharge

Plaintiff claims that the demotion Defendant offered in 2008 amounted to constructive discharge, prompting her to retire. Plaintiff concisely states in her Complaint that the alleged constructive discharge "was a direct and proximate result of the disparate and discriminatory treatment of her because of her female gender." Complaint ¶ 7. As such, she asserts a classic

Title VII sex-based termination claim.  However, her response to Defendant's motion switches tacks and argues that this is actually a case of quid-pro-quo sexual harassment, discussed *infra*. As such, Plaintiff gives short shrift to the Title VII termination claim stating merely that she was replaced by one or more men and "the action of her position being eliminated constitutes a pretense under the act."  Pl.'s Mem. [23] at 7.  Although this conclusory response is not sufficient, the Court will examine the record in light of the familiar *McDonnell Douglas* burden shifting analysis which, in a case based on circumstantial evidence of discrimination, first requires proof of a prima facie case.[3]

     *1.*     *Prima Facie Case*

The traditional prima facie case of discrimination requires proof that Plaintiff (1) is a member of a protected class, (2) suffered an adverse employment action, (3) was qualified for her position, and (4) was replaced by someone outside of the protected class or that similarly situated employees outside the protected class were treated more favorably.  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007).  The Court will assume, without deciding, that Plaintiff satisfies the first three elements.

The parties dispute whether Plaintiff presented competent record evidence that she was replaced by a man.  However, because this was a reduction in force, she was not required to present such evidence.  With a reduction in force, a plaintiff can state a prima facie case of

---

[3]Although the Court will review the record as a whole in an effort to be thorough, Plaintiff never places her factual allegations in the context of the disparate treatment claim.  *See Smith ex rel. Estate of Smith*, 391 F.3d at 625 (observing that nonmovant must "articulate the precise manner in which the submitted or identified evidence supports his or her claim.").  Instead, it appears that the facts she discusses are intended to support the sexual harassment claim.

discrimination by showing that (1) she is a member of a protected group; (2) she was adversely affected by the employer's decision; (3) she was qualified to assume another position at the time of discharge; and (4) there is sufficient evidence, either circumstantial or direct, from which a fact finder may reasonably conclude that the employer intended to discriminate in reaching the adverse employment action, or others who were not members of the protected class remained in similar positions. *Ortiz v. Shaw Group, Inc.*, 250 F. App'x 603, 606 (5th Cir. 2007) (citing *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996); *Amburgey v. Corhart Refractories Corp. Inc.*, 936 F.2d 805, 812 (5th Cir. 1991)).[4]

Defendant did not address the elements of a prima facie case in the reduction in force context, which is perhaps why Plaintiff never addressed them. The Court therefore finds that the issue is not properly raised. *See Celotex Corp.*, 477 U.S. at 323 (holding that moving party bears "initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact").

2.    *Defendant's Legitimate Non-Discrimination Reason*

Assuming a prima facie case, the burden switches to Defendant to "rebut a presumption of discrimination by articulating a legitimate, nondiscriminatory reason for the adverse employment action." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). Identifying a nondiscriminatory basis for termination is a burden "of production, not persuasion,

_____

[4]Another formulation of the test requires proof that (1) she belonged to a protected group; (2) was qualified for her position; (3) she was terminated; and (4) others who were not members of the protected class remained in similar positions. *See Phillips v. TXU Corp.*, 194 F. App'x 221, 226 n.8 (5th Cir. 2006) (citing *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999)).

and involves no credibility assessment." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007); *see also Reeves*, 530 U.S. at 142.

Here, Defendant contends that the elimination of Plaintiff's position occurred as part of a cost-saving restructuring that reduced Defendant's workforce by half. Def.'s Motion [20], Ex. 3, Keith Aff. ¶ 9; *see also* Pl.'s Resp. [22], Ex. 6, Wilson Dep. at 12-13. There is no dispute that a restructuring occurred and that a significant number of jobs were eliminated. Such measures are a legitimate, nondiscriminatory reason for eliminating a position and will satisfy Defendant's burden at this stage. *See Norton v. Houston Indus., Inc.*, 106 F. App'x 209, 210 (5th Cir. 2004) (finding as sufficient defendant's proffered reason that plaintiff's position "was eliminated in order to cut costs, an argument bolstered by" defendant's cost-saving program "and the fact that more than 900 other employees were fired as well").

### 3. Pretext

Because Defendant stated a legitimate nondiscriminatory reason for its decision, "the inference created by the prima facie case drops out of the picture," and the burden reverts to Plaintiff to produce evidence that the proffered reason is a pretext for unlawful discrimination. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).

> The plaintiff must rebut each nondiscriminatory reason articulated by the employer. A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or "unworthy of credence." An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action. Evidence demonstrating that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's prima facie case, is likely to support an inference of discrimination even without further evidence of defendant's true motive.

*Laxton v. Gap Inc*., 333 F.3d 572, 578 (5th Cir. 2003) (internal citations omitted). "If the plaintiff can show that the proffered explanation is merely pretextual, that showing, when

coupled with the prima facie case, will usually be sufficient to survive summary judgment." *Russell*, 235 F.3d at 222 (citations omitted).[5]

Plaintiff's response fails to directly address the pretext issue, other than to say that "[t]he action of her position being eliminated constitutes a pretense under the act." Pl.'s Mem. [23] at 7. The response is conclusory and clearly insufficient. *See TIG Ins. Co.*, 276 F.3d at 759. However, the Court will look at the factual assertions in Plaintiff's response and the record evidence to determine whether she has otherwise demonstrated pretext.

According to Plaintiff, Chaney and Quality Control Manager Jim Wilson decided to terminate her employment because she ended the affair with Chaney some five years, and two promotions, before the disputed employment decision. Even assuming Chaney and Wilson were the decisionmakers, something Plaintiff does not directly address, she offers nothing more than her own speculative testimony to support her assertions. Plaintiff testified that Wilson knew of her relationship having "seen me hugging" Chaney at work after the affair ended. She then posits that Wilson terminated her employment because she ended the affair. Pl.'s Resp. [22], Ex. 2, Cleveland Dep. at 32. This testimony is purely speculative and insufficient. *See TIG Ins. Co.*, 276 F.3d at 759.

As for Chaney, Plaintiff states that after she declined the transfer and announced that she would retire, he told her that the departure would reduce stress for him and his wife. Pl.'s Resp. [22], Ex. 2, Cleveland Dep. at 37. Plaintiff does not make a direct evidence argument, nor could she. *See Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) ("Direct

---

[5]A mixed-motives analysis applies in certain Title VII cases, but Plaintiff has not attempted to make such an argument. *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005) (citations and quotations omitted).

evidence is evidence which, if believed, proves the fact without inference or presumption.").
The statement itself fails to rebut the undisputed evidence that the workforce was restructured,
half the workforce lost their jobs, and Plaintiff's position was eliminated.

No matter how heartfelt, a plaintiff cannot survive summary judgment based on the
subjective belief that she has suffered discrimination. *Douglass*, 79 F.3d at 1430. Conclusory
statements and speculation are not competent evidence to defeat summary judgment. *See*
*Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Instead, Plaintiff must offer specific
evidence demonstrating that La-Z-Boy's reasons for eliminating her position were false or
unworthy of credence. *See Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1295 (5th Cir. 1994).
Plaintiff's evidence fails to meet this burden, and she has offered no arguments or evidence
addressing the alternative means of proving pretext–proof of disparate treatment. *Laxton*, 333
F.3d at 578.[6] The Court finds, as a matter of law, that to the extent Plaintiff continues to pursue a
discriminatory discharge claim, she has not met her burden of establishing pretext.[7]

C.    Sexual Harassment

The entire "Argument" section of Plaintiff's response is dedicated to a purported claim of
sexual harassment under Title VII. This is a new claim in that it does not appear in her

_____

[6]Plaintiff actually testified that a number of men opted for severance after being offered
demotions they did not wish to accept. Pl.'s Resp. [22], Ex. 2, Cleveland Dep. at 29.

[7]Title VII prohibits discrimination "against any individual with respect to his
compensation, terms, conditions, or privileges of employment, *because of* such individual's . . .
sex." 42 U.S.C. § 2000e-2(a) (emphasis added). Although Defendant does not squarely address
the point, and it is not therefore the only basis for this decision, Plaintiff's facts fail to
demonstrate that she was discharged "because of" her sex. Outside the quid-pro-quo sexual
harassment context, discussed *infra*, Title VII would not preclude an employer from terminating
employment based on gender-neutral conduct. *Id.*; *cf.*, *Oncale v. Sundowner Offshore Servs.,*
*Inc.*, 523 U.S. 75, 81 (1998).

10

Complaint or her EEOC charge. Plaintiff clearly avers in her Complaint that the decision to offer her a transfer to the Inspector position was based on sex in violation of Title VII. *See* Complaint ¶ 7. She further explains as to the transfer that Defendant "attempted to *place* her in a hostile or abusive environment, so that she was constructively discharged . . ." *Id*. ¶ 9 (emphasis added). This prediction of future working conditions cannot be read as a claim that she was subjected to sexual harassment, especially since the Complaint never mentions any form of sexual harassment, fails to reference the elements of sexual harassment, and further fails to aver any facts supportive of a sexual harassment claim.[8] Plaintiff may not allege a new cause of action in response to a motion for summary judgment. *See Gomez v. LSI Integrated LP*, 246 F. App'x 852, 854 (5th Cir. 2007) (citing *Roeder v. Am. Postal Workers Union, AFL-CIO*, 180 F.3d 733, 737 n.4 (6th Cir. 1999) (refusing to consider on appeal unpled claim raised for the first time in response to a motion for summary judgment)).

Moreover, Plaintiff failed to exhaust administrative remedies as to a sexual harassment claim. As stated above, "Title VII requires employees to exhaust their administrative remedies before seeking judicial relief." *McClain v. Lufkin Indus., Inc*., 519 F.3d 264, 273 (5th Cir. 2008). Moreover, "[c]ourts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *Id.* Nevertheless,

> [t]he scope of the exhaustion requirement has been defined in light of two competing Title VII policies that it furthers. On the one hand, because "the provisions of Title VII were not designed for the sophisticated," and because most complaints are initiated pro se, the scope of an EEOC complaint should be

---

[8]If such a claim was actually intended, it clearly failed to meet the requirements of notice pleading. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

construed liberally. *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 463 (5th Cir. 1970). On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims. *Id*. at 466. Indeed, "[a] *less* exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." [*Id*.] at 467. With that balance in mind, this court interprets what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which "can reasonably be expected to grow out of the charge of discrimination." [*Id*.] at 466. We engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label.

*Pacheco v. Mineta,* 448 F.3d 783, 788-89 (5th Cir. 2006) (some citations omitted).

In this case, Plaintiff's EEOC Charge of Discrimination indicates that she was discriminated against based on her sex. When asked to describe the "particulars" of her charge, Plaintiff wrote:

In June 2008, I [was] told by Eugene Chaney, my supervisor, that my position was being taken away and I was being demoted to inspector. I was replaced by a male. The Company seldom has women in leadership (supervisors, leads) and the ones that they do have, are often terminated for bogus reasons and replaced by men. Because of my disgust by the continuous discrimination towards myself and other women, I felt compelled to retire rather than accept the demotion. I believe that I have been discriminated against because of my sex-female, in violation of Title VII of the 1964 Civil Rights Act as amended.

Def.'s Motion [20], Ex. G. The scope of the EEOC charge is clearly limited to Plaintiff's threatened demotion, which she claims was because of her sex. Not once does she mention a sexual harassment claim or any facts that could be liberally construed as sexual harassment.

Moreover, nothing in this record suggests that a sexual harassment claim was like or would "reasonably be expected to grow out of the charge of discrimination." *Pacheco*, 448 F.3d at 789. Plaintiff's consensual affair with Chaney ended in 2003. She was twice promoted after

that, and by the time the reduction in force occurred, five years had passed since she called off the affair. Not once during the eleven year affair with her supervisor, or during the five years after she ended the affair, did she complain to anyone about being sexually harassed. This, despite her knowledge of Defendant's anti-harassment policies and reporting procedures. In addition, when her employment ended she completed an exit questionnaire in which she checked the box indicating that she was "Leaving by Own Choice." She also checked boxes stating that the reasons for her decision included: "Too much overtime"; "Health issues"; and because she was "Retiring." Def.'s Motion [20], Ex. D. Significantly, she failed to mark boxes for "Poor working conditions"; "Conflict with supervisor/management"; or "Personal reasons." *Id.* She also indicated that she would consider working at La-Z-Boy again and would recommend it to her friends. *Id.* Finally, the questionnaire included a space for her to write any concerns, and again she made no reference to sexual harassment. Even when she filed her federal complaint, with the assistance of counsel, Plaintiff made no reference to sexual harassment. Instead, the claim is first raised in response to a motion for summary judgment.

Given all of that, the Court finds that the sexual harassment claim is not like, nor reasonably expected to grow from, her charge. Plaintiff therefore failed to exhaust administrative remedies. *See McClain*, 519 F.3d at 273 (affirming dismissal for failure to exhaust where plaintiff complained of disparate treatment but not disparate impact in EEOC charge); *Dhillon v. Lincare Inc. of Del.*, No. 06-1822, 2008 WL 2920259, at *7 (W.D. La. June 19, 2008) (dismissing sexual harassment claim for failure to exhaust where EEOC charge did not reference sexual harassment); *Ismail v. Univ. of Portland*, No. 98-1477-KI, 1999 WL 732590, at *6 (D. Or. Sept. 21, 1999) (dismissing sexual harassment claim that was neither referenced in

nor "'like or reasonably related' to her original gender-based discrimination charge filed with the EEOC").

## IV. Conclusion

Accordingly, the Court finds that Defendant is entitled to judgment as a matter of law, and Defendant's motion for summary judgment is granted. A separate judgment will be entered pursuant to Rule 58.

**SO ORDERED AND ADJUDGED** this the 27th day of October, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE